UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:26-cv-03373-MWC-BFM                    Date: May 29, 2026

Title:        Thomas W. Lotts v. Midland Credit Management, Inc.

Present:  The Honorable Michelle Williams Court, United States District Judge

|  |  |
|---|---|
| T. Jackson | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings: (IN CHAMBERS) ORDER GRANTING PLAINTIFF'S MOTION TO REMAND (DKT. [14]); DENYING AS MOOT DEFENDANT'S MOTION FOR REMOTE APPEARANCE (DKT. [24]); AND CLOSING CASE.  JS-6**

Before the Court is a motion to remand ("Motion") filed by Plaintiff Thomas W. Lotts ("Plaintiff").  Dkt. # 14 ("*Mot.*").  Defendant Midland Credit Management, Inc. ("Defendant") opposed, Dkt. # 16 ("*Opp'n*"), and Plaintiff replied, Dkt. # 17.  The Court finds the matter appropriate for decision without oral argument and **VACATES** the Motion hearing.  *See* Fed. R. Civ. P. 78; L.R. 7-15.[1]  Having considered the papers, the Court **GRANTS** Plaintiff's motion to remand.

I.        Background

On February 24, 2026, Plaintiff initiated this action in the Superior Court of California, County of Los Angeles, using California Judicial Council Form SC-100, "Plaintiff's Claim and ORDER to go to Small Claims Court" ("Complaint").  Dkt. # 1-1 ("*Compl.*").  The Complaint alleges that, beginning March 22, 2019 and through the present, "Defendant reported inaccurate information and failed to correct it, causing financial and credit harm to plaintiff in Los Angeles County." *Compl.* at p. 2–3 ¶ 3.  The Complaint alleges Defendant owes Plaintiff $10,000 as a result of "financial losses and credit damages caused by defendant's inaccurate reporting."  *Id.*

---

[1] The Court **DENIES AS MOOT** Defendant's request for remote appearance.  Dkt. # 24.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    2:26-cv-03373-MWC-BFM                          Date: May 29, 2026

Title:        Thomas W. Lotts v. Midland Credit Management, Inc.


On March 30, 2026, Defendant removed the action to this Court, asserting federal question jurisdiction under 28 U.S.C. § 1331(a).  Dkt. # 1 ("*NOR*") ¶ 5.  On April 23, 2026, Plaintiff moved to remand.  *Mot.*

II.    Legal Standard

Federal courts are courts of "limited jurisdiction," possessing "only that power authorized by Constitution and statute[.]"  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994); U.S. CONST. art. III, § 2, cl. 1.  The removal statute, 28 U.S.C. § 1441, is strictly construed against removal jurisdiction.  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009).  It is presumed that a case lies outside the limited jurisdiction of the federal courts.  *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). "The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court.'"  *Id.* at 1042 (quoting *Gaus v. Miles*, *Inc.*, 980 F.2d. 564, 566 (9th Cir. 1992)).  Federal question jurisdiction over a removed case "must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Gaus*, 980 F.3d at 566; 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

III.    Discussion

Defendant alleges this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, because "[c]redit reporting claims are governed by the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq*.)."  *NOR* ¶ 1. Plaintiff's Complaint, however, contains no reference to the Fair Credit Reporting Act ("FCRA").  "Removal based on federal-question jurisdiction is reviewed under the longstanding well-pleaded complaint rule."  *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018).  The "well-pleaded complaint rule" "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2003) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)).  The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal."  *Id.* (quoting *Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936) (holding that the federal controversy cannot be "merely a possible or conjectural one")).  "Thus the rule enables the plaintiff, as 'master of the complaint,' to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**


Case No.    2:26-cv-03373-MWC-BFM                          Date: May 29, 2026

Title:       Thomas W. Lotts v. Midland Credit Management, Inc.


'choose to have the cause heard in state court' 'by eschewing claims based on federal law.'" *Id*. (quoting *Caterpillar*, 482 U.S. at 399).

In this case, "Plaintiff does not cite a federal statute or use language that substantially tracks the language of a federal statute, and thus it is not clear that []he is trying to state a claim under federal law." *Stone-Molloy v. Midland Funding LLC*, CV 15-8017 ODW (AJWx), 2015 WL 6159104, at *1 (C.D. Cal. Oct. 19, 2015). Indeed, Plaintiff states in the Motion he is not seeking federal relief. *See Mot.* at 2.

Defendant argues a federal question nonetheless exists because credit reporting claims "are governed by the FCRA with few exceptions." *Opp'n* at 2.

> Ordinarily federal pre-emption is raised as a defense to the allegations in a plaintiff's complaint . . . [I]t is now settled law that a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

*Caterpillar*, 482 U.S. at 392–93 (emphasis original).

Complete preemption is an exception to the well-pleaded complaint rule. "[T]he complete preemption doctrine[] provides that Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character." *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1243–44 (9th Cir. 2009) (citation omitted). "[C]omplete preemption for purposes of federal jurisdiction under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *City of Oakland v. BP PLC*, 969 F.3d 895, 906 (9th Cir. 2020) (citing *Hansen*, 902 F.3d at 1057). If complete preemption applies, "the state-law claim is simply 'recharacterized' as the federal claim that Congress made exclusive." *Hansen*, 902 F.3d at 1058 (quoting *Vaden v. Discover Bank*, 556 U.S. 49, 61 (2009)). "[W]hen a federal statute wholly displaces the state-law cause of action through complete pre-emption," the state claim can be removed. *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

However, complete preemption is extremely "rare." *Hansen*, 902 F.3d at 1057. The Supreme Court has found complete preemption applies to a limited number of federal

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.    2:26-cv-03373-MWC-BFM                           Date: May 29, 2026

Title:        Thomas W. Lotts v. Midland Credit Management, Inc.

statutes. *See City of Oakland*, 969 F.3d at 905 (9th Cir. 2020) (noting the Supreme Court has only determined that complete preemption applies to three statutes: § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, § 502(a) of the Employee Retirement Income Security Act of 1974, and §§ 85 and 86 of the National Bank Act).

"Neither the Supreme Court nor the Ninth Circuit has ever concluded that the FCRA's preemption provisions 'completely preempt' state law claims for purposes of supporting removal based on the existence of a federal question, and numerous district courts within the Ninth Circuit have rejected removals based on FCRA preemption." *Avassapian v. BMO Harris Fin. Advisors, Inc*., No. CV 24-3146-JFW(PDX), 2024 WL 3050805, at *2 (C.D. Cal. Apr. 26, 2024) (collecting cases); *see, e.g.*, *Stone-Molloy*, 2015 WL 6159104, at *2 ("[T]he fact that the FCRA's preemption clause, 15 U.S.C. § 1681t(b)(1)(F), contains two savings clauses—including one for claims under California Civil Code section 1785.28(a)—counsels strongly against complete preemption, and may even exempt Plaintiff's claim from preemption altogether."). Thus, Defendant has not met its burden to show complete preemption applies.

Finally, Defendant appears to suggest Plaintiff engaged in "artful pleading," meaning the Complaint pleads what is essentially a federal claim as a state law claim. *See Opp'n* at 4. "[U]nder the artful pleading rule a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint." *JustMed, Inc. v. Byce*, 600 F.3d 1118, 1124 (9th Cir. 2010) (internal citation and quotation marks omitted). As noted above, Defendant has shown no basis for its assertion that Plaintiff's action arises under the FCRA, so the doctrine does not apply.

IV.    Conclusion

For the foregoing reasons, the Court **REMANDS** this action to the Superior Court of the State of California, County of Los Angeles, Case No. 26BHSC00488. Defendant's requests for a remote appearance is **DENIED AS MOOT**. The Clerk of Court is directed to **CLOSE** this case. JS-6

                                                                                          :

                                                      **Initials of Preparer**    TJ